## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00760-CMA-CBS

JAMES ALLISON,

    Plaintiff,

vs.

DIGITAL MANAGEMENT, INC.,

    Defendant.

## STIPULATION AND PROTECTIVE ORDER

    Each Party and each counsel of record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of certain discovery materials be treated as confidential and, as grounds therefore, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in Paragraph 2, below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request that the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

1

2.      "Confidential Information" means any information, document, or thing produced by either Party or any third-party in connection with the action that is a trade secret, proprietary information, or private, confidential information that is not made available to the public and is designated by either one of the Parties in the manner set forth in Paragraph 3, below.  As used herein, Confidential Information includes (a) all designated papers, tapes, documents (including responses and answers to discovery requests), disks, diskettes, recordings, electronic files, and other tangible things produced or obtained from any person in connection with this action; and (b) all copies, extracts, and complete or partial summaries prepared from such papers, documents, things, or information.

3.      **Designation of Discovery Materials as Confidential.**  Where Confidential Information is produced, provided, or otherwise disclosed by a Party or third-party in response to any discovery request or otherwise, it will be designated as set forth below:

    a.     The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."  One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information which is in fact confidential.  A party shall not routinely designate material as

"CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the Parties' facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the Parties' facilities, such documents may be produced for inspection before being marked "CONFIDENTIAL." Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

b. Portions of depositions of a Party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within ten (10) calendar days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

    4.    **Use of Confidential Information.**  All Confidential Information provided by a Party or third-party in response to a discovery request or otherwise in connection with this action shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of the above-captioned litigation and not for any business or other purpose whatsoever; and

    b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, whether verbally or in writing, to any person, entity, governmental agency, or court except as authorized to do so by court order or for purposes of preparing for and conducting the above-captioned litigation (including any appeals) <u>and</u> to a person or entity who has signed an affidavit in the form of Exhibit A.  Notwithstanding the foregoing, disclosures may also be made in the following circumstances:

    i.    Disclosures may be made to a non-party witness at a deposition taken in connection with and trial of the above-captioned lawsuit and:

    1.    The deponent and counsel for the deponent, if not otherwise bound by this Order, shall be informed prior to the submission of information designated as "CONFIDENTIAL" that such information is about to be

      submitted and that they are subject to the terms of this Protective Order.

    2. To the extent that the transcript of any deposition and the exhibits thereto incorporate any information designated as confidential, such transcript and such exhibits shall be designated as "CONFIDENTIAL" and shall be subject to the terms of this Protective Order.

 ii. Disclosure may be made to court reporters engaged for depositions taken in connection with the above-captioned lawsuit and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Protective Order.

 iii. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the above-captioned lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the

provisions of this Protective Order requiring that the documents and information be held in confidence.

    c.    The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom that Party or that Party's counsel discloses such Confidential Information, and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

    d.    Except as provided in subparagraph (b) above, counsel for the parties shall keep all Confidential Information received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    e.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential Information under this Protective Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

5.    **Confidential Information Filed with Court.**  To the extent that any Confidential Information subject to this Protective Order (or any pleading, motion, or memorandum disclosing them) is proposed to be filed or is filed with the Court (or quoted or discussed in documents filed with the Court), those materials and papers, or

any portion thereof which discloses confidential information, shall be filed as a restricted document by the filing party, together with a simultaneous Motion to Restrict Access under D.C. Colo. L. Civ. R. 7.2 that sets forth the grounds for restriction. Even if the filing Party believes that the materials subject to the Protective Order are not properly classified as Confidential Information, the filing party shall file the Motion to Restrict; and shall demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). In the event that Confidential Information is used in any court filing or proceeding in the above-captioned action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use.

6. **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the Party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

7. **Challenging Designation of Confidentiality.** If any Party's counsel objects to the designation of certain information as Confidential Information by another Party's counsel, he or she shall promptly inform the other Party's counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If, after such good faith

attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within fourteen (14) calendar days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

8. **Conclusion of Litigation; Return of Information.** The termination of the above-captioned action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order. At the conclusion of this litigation (including any appeal), all material treated as confidential under this Order and not received in evidence shall be returned to the originating Party. If the Parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

9. **No Inadvertent Waiver.** Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document. Furthermore, the Parties agree that the inadvertent production of

Confidential Information without a designation of "CONFIDENTIAL" will not constitute a waiver.

10. **Return of Inadvertently Disclosed Materials.**  Except in the event that the requesting Party disputes the claim of attorney-client privilege or work product protection, any documents the producing Party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing Party, or destroyed, at that Party's option.  If the claim is disputed, a single copy of the materials may be retained by the requesting Party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.  Similarly, a Party that inadvertently produces Confidential Information without a stamp marking the document as "CONFIDENTIAL" may, by written request within ten (10) calendar days of discovery of the inadvertent production, require the other Party to return or destroy any document that it believes should have been marked as "CONFIDENTIAL" to allow the document to be so designated and processed, unless the document is already in the Court's public file.

Dated at Denver, Colorado, this 10th day of September, 2013

BY THE COURT:

_____
CRAIG B. SHAFFER, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

-10-

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| /s/ Patrick McKay | /s/ Gary B. Eidelman |
| Patrick A. McKay | Gary B. Eidelman, Esq. |
| Douglas L. Romero | SAUL EWING LLP |
| Law Office of Douglas Romero | 500 East Pratt Street, 8th Floor |
| 200 S. Sheridan Blvd. #150 | Baltimore, Maryland 21202 |
| Denver, CO 80226 | Tel.: (410) 332-8975 |
| 303-934-7500 | Fax: (410) 332-8976 |
| patrickmckay@coloradochristiandefensecounsel.com | geidelman@saul.com |
| douglasromero@coloradochristiandefensecounsel.com | |
| Attorneys for Plaintiff | Steven M. Gutierrez |
| | Holland & Hart, LLP |
| | 6380 South Fiddlers Green Cir., Ste. 500 |
| | Greenwood Village, Colorado 80111 |
| | Tel: (303) 295-8531 |
| | Fax: (800) 840-4986 |
| | sgutierrez@hollandhart.com |
| | |
| | Attorneys for Defendant |

## EXHIBIT A

## AFFIDAVIT

STATE OF _____ )
                          )  ss.
                          )
COUNTY OF _____   )

_____, swears or affirms and states under penalty of perjury:

        1.    I have read the Protective Order in James Allison v. Digital Management, Inc., U.S. District Court for the District of Colorado, Civil Action No. 13-cv-00760-CMA-CBS, a copy of which is attached to this Affidavit.

        2.    I have been informed by _____, Esq., counsel for _____, that the materials provided to me along with this Affidavit, that are marked as CONFIDENTIAL, are Confidential Information as defined in the Protective Order.

        3.    I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose than the above-identified litigation.

        4.    For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

        5.    I will abide by the terms of the Protective Order.

        _____
        (signature)

        _____
        (print or type name)

        Address:

        _____

        _____

        Telephone No.: (___)_____

-2-

SUBSCRIBED AND SWORN TO BEFORE ME this \_\_\_\_ day of _____, 2013, by _____.

WITNESS my hand and official seal.

_____
Notary Public

[SEAL]

My Commission Expires: _____